UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
WILLIAM GUTHRIE, JR.,                           :
                                                :   CASE NO. 1:09-CV-905
        Plaintiff/Counter-Defendant,            :
                                                :
    v.                                          :   OPINION & ORDER
                                                :   [Resolving Doc. Nos. 32, 38, 39, 40, 41, 42,
ANCHOR TOOL & DIE CO., *et al.*,                :   43, 44, 45, 47, 49, 50,
                                                :   51 & 52.]
        Defendants/Third Party Plaintiffs.      :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Anchor Tool & Die Co. and The Select Security Screen Company, Ltd. have moved to dismiss Plaintiff William Guthrie, Jr.'s complaint for failure to prosecute under Rule 41(b). [Doc. 32.] The Plaintiff does not oppose dismissal but asks that it be without prejudice under Rule 41(a)(2). [Doc. 38.] For the following reasons, the Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's claims pursuant to Rule 41(b).

The course of this patent infringement action reflects the Plaintiff's repeated failure to comply with this Court's orders and the resulting prejudice suffered by the Defendants. First, the Plaintiff has failed to comply with the Court's CMC scheduling order. The Plaintiff sent his initial disclosures to the Defendants three days after the deadline indicated in the Court's CMC scheduling order. [Doc. 14.]

More significantly, the Plaintiff has repeatedly failed to comply with the deadlines set by the Court at the CMC and posted in the subsequent scheduling order. [Doc. 17.] First, despite the

Case No. 1:09-CV-905
Gwin, J.

Court's attempt at the CMC to explain to the Plaintiff's counsel the structure, utility, and requirement of providing a list of alleged infringement claims and locations (perhaps in a claim chart), the Plaintiff's claim chart merely recited verbatim the individual claims of the patent (effectively alleging that the Defendants infringed every claim of the patent at all locations). [Doc. 32-3.] The Defendants, having timely complied with the Court's request to provide the Plaintiff with a list of product locations, promptly requested that the Plaintiff provide a more detailed list of alleged infringement claims to enable them to respond precisely to each. The Plaintiff promised to "work on the deficiency immediately" but has done nothing in the past eight weeks to remedy it.

Second, the Plaintiff has failed entirely to produce any proposed claim terms and constructions, which were due to the Defendants by November 9, 2009, and to the Court by December 7, 2009—making it difficult, if not impossible, for the Defendants to prepare adequately for the scheduled *Markman* briefing and hearing. [Doc 17.] The Defendants, meanwhile, exchanged and filed their proposed claim terms and constructions in accordance with the Court's deadlines. [Doc. 48.]

Third, without notice, the Plaintiff failed to attend the December 7, 2009 status conference (reflected on the docket since October 2, 2009) with the Defendants and the Court. [Doc. 46; Doc. 20.] Representatives for the Defendants and their counsel were present, and the Defendants' lead counsel participated in the conference by telephone, but the Plaintiff's absence prevented the Court from addressing any discovery issues or discussing the possibility of settlement.

Fourth, with no explanation, the Plaintiff has failed to file his opening *Markman* brief, which was due on December 14, 2009. [Doc. 17.]

Finally, the Plaintiff has failed to identify any experts, even though the deadline to do so was

-2-

Case No. 1:09-CV-905
Gwin, J.

October 12, 2009. [Doc. 18.] Although nothing requires the Plaintiff to use an expert, the Court has difficulty perceiving how he intends to prosecute his relatively complex patent infringement claims without one. The Plaintiff has provided no explanation for this failure.

This pattern of repeated failures to comply with the Court's orders and deadlines has prejudiced the Defendants. The Defendants have complied with the Court's deadlines at not inconsiderable cost to defend themselves against the Plaintiff's claims, only to find that the Plaintiff has flouted those same deadlines. Additionally, according to the Plaintiff's complaint, the Defendants continue to infringe his patent, so the Plaintiff's delays prevent the Defendants from clearing the cloud hovering over their product sales. The Defendants have also asserted counterclaims and third-party claims which were slated to proceed on the same schedule as the Plaintiff's claims. However, the Plaintiff's dillydallying hamstrings those claims from reaching adjudication on the merits.

The Defendants have notified the Plaintiff of each of his failures to comply with the Court's orders and deadlines and have (on several occasions now) alerted the Court of these failures in support of their Rule 41(b) motion. The Plaintiff is thus aware of his failures to comply and the potential consequences of continuing along that course of conduct.

Rule 41(b) and the governing case law make it clear that this kind of pattern of dilatory and contumacious conduct, imposing significant costs on the opposing party, warrants dismissal with prejudice. The Supreme Court has held that a plaintiff and his attorney's failure to appear at a pretrial conference justified dismissal when that absence was the culmination of a long history of delay by the plaintiff. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) (affirming dismissal despite apparent lack of prejudice to defendant). Likewise, the Sixth Circuit has held that dismissal

Case No. 1:09-CV-905
Gwin, J.

under Rule 41(b) is appropriate when—as here—a plaintiff repeatedly fails to meet scheduled deadlines and appear for scheduled hearings without an adequate explanation, causing the defendant unnecessary time and expense. *See Coston v. Detroit Edison Co.*, 789 F.2d 377, 378-79 (6th Cir. 1986) (per curiam) (affirming dismissal with prejudice for repeated failures to attend scheduled hearings without adequate explanation); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-69 (6th Cir. 1997) (affirming dismissal with prejudice for improper and inadequate discovery responses and delays).

The Court recognizes the seriousness of a Rule 41(b) dismissal, yet it finds that, given the worrisome and growing pattern of disregard for the Court's orders and deadlines, no lesser sanction would be effective in this case.

Hence, for the foregoing reasons, the Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's claims pursuant to Rule 41(b).

IT IS SO ORDERED.

Dated: December 16, 2009        s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE